WILLIAM L. KELLER, APPELLANT, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLEE.

FILED MARCH 21, 1907. No. 14,647.

1. Depositions: ADMISSIBILITY. A deposition, and exhibit thereto attached, when properly identified by the deponent, may, when material to the case, be given in evidence by the party not taking the deposition.

2. Instructions of the court and rulings upon evidence examined, and *held* without error.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Frank E. Beeman,* for appellant.

*J. W. Deweese, Frank E. Bishop* and *H. M. Sinclair,* contra.

EPPERSON, C.

On September 8, 1900, plaintiff Keller shipped a car of celery over the Union Pacific railway from Kearney to Omaha. The car was there refused by the consignee, and,

acting under instructions from plaintiff, the Union Pacific Railway Company shipped the car over defendant's road to a commission firm in Kansas City. When the car reached Kansas City, it was discovered that the celery was spoiled. Plaintiff brought this action to recover its value, alleging negligence on the part of the defendant company as a common carrier for failure to supply the car with ice and for delay in transportation. Defendant recovered a small judgment in the district court for freight charges pleaded as a counterclaim, and plaintiff appeals.

The burden was upon plaintiff to show that the goods were in good condition when delivered to defendant for shipment; at least, to show facts raising a presumption to that effect. The question is: Did the celery spoil while in the custody of the defendant company? The evidence is equally as strong in proving that it spoiled while in the custody of the initial carrier, and, hence, no presumption may be indulged that the celery was in good condition when delivered to the defendant. The instructions of the court excepted to embodied these principles, and, when read together, charged the jury as to what facts, if established, would constitute negligence on the part of the defendant.

Objections were made to three instructions requested by defendant and given, because the court repeated the statement that it was the duty of the plaintiff and the Union Pacific Railway Company to properly ice the car between Kearney and Omaha. The statement was used as an introduction to the real charge given, and of itself was not an issue, and therefore plaintiff was not prejudiced.

Plaintiff objected to the introduction in evidence of a letter attached as an exhibit to a deposition taken by plaintiff. Defendant introduced the entire deposition; and the letter, which was properly identified by deponent on cross-examination, in no way impeached his evidence as contended by plaintiff. Under section 383 of the code, the admission of the deposition and exhibit was proper. *Ulrich v. McConaughey,* 63 Neb. 11.

Plaintiff complains of the court's rejection of a telegram from his consignee in Omaha, in which the latter stated that the celery was too short for the Omaha market. This assignment requires no discussion. He also assigns as error the court's refusal to admit in evidence an ice ticket showing the amount of ice placed in the car by the Union Pacific Railway Company. The amount shown by the ticket was testified to by the witness identifying it. Its admission would have added no weight to the facts stated, and the testimony of the witness on this point being undisputed, we discover no prejudice in the exclusion of the offered ice ticket.

There is no reversible error in the record, and we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.